UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SUZANNE MONCRIEF, | No. 2:10-cv-00534-MCE-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| STANDARD INSURANCE COMPANY, an Oregon Corporation, and and DOES 1 through 25, inclusive, | |
| Defendants. | |

On January 14, 2011, this Court issued a Memorandum and Order granting the motion, filed by Defendant Standard Insurance Company ("Standard"), for summary judgment as to Plaintiff's state law claim for breach of the implied covenant of good faith and fair dealing.  Standard's motion in that regard was premised on the contention that its group insurance plan at issue in this litigation was governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA").  In granting Standard's motion, the Court agreed that Standard's policy was both governed by ERISA and thereafter preempted.

1

Plaintiff was accordingly directed to file, within twenty days after the date of the Court's Memorandum and Order, a First Amended Complaint removing any reference to the sole state law claim pled by Plaintiff, for breach of the implied covenant of good faith and fair dealing, since that claim was unavailable under ERISA.

Rather than submit an amended pleading as directed by the Court, Plaintiff instead chose, on February 2, 2011, to file a "Motion to Amend" the Court's previous January 14, 2011 Memorandum and Order.  Examination of that motion, however, indicates that it is not an effort to amend the court's decision and instead represents a request that the Court certify its decision, in granting Standard's motion, for interlocutory appeal under 28 U.S.C. § 1292(b).  Plaintiff asks that the Court authorize for immediate appeal its decision granting summary judgment on grounds that said decision both "presents controlling questions of law as to which there is substantial ground for difference of opinion" and involves circumstances where "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); see also United States Rubber Co. v. Wright, 339 F.2d 784, 785 (9th Cir. 1966).

The Ninth Circuit is clear in directing that resort to immediate appeal under Section 1292(b) should be used only in "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation."  In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982).

As Ninth Circuit precedent has recognized, interlocutory appeal should be "applied sparingly". Id.  In order to justify the appellate shortcut represented by interlocutory appeal, its proponent has the burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). Determination of those issues, and whether an interlocutory appeal is consequently indicated, is a matter left to the court's sound discretion. Davis Moreno Construction, Inc. v. Frontier Steel Buildings Corp., 2011 WL 347127 at *2 (E.D. Cal. 2011); Ass'n of Irritated Residents v. Fred Schakel Dairy, 634 F. Supp. 2d 1081, 1087 (E.D. Cal. 2008).

　　　The Court does not find that this case satisfies either prong of Section 1292(b)'s test for permitting immediate appeal, particularly given the high bar the Ninth Circuit has set for the certification of such an appeal before a case has otherwise been concluded. First, in the Court's view, Plaintiff has not established, as she must, that there is any controlling issue of law presented by the decision as to which there exists any substantial ground for difference of opinion. To the contrary, this District has already decided, in an earlier case involving the same insurance plan that is the subject of this litigation, that the plan did not qualify as an ERISA-exempt governmental plan because of the presence of private members.

///
///
///

1  Kendall v. Standard Ins. Co., 17 F. Supp. 2d 1128, 1132 (E.D.
2  Cal. 2003) ("if a public entity chooses to participate in an
3  ERISA plan that includes private employers, that public entity's
4  plan becomes subject to the provisions of ERISA").[1]  Plaintiff
5  goes on to argue that even if the plan did include private
6  employers at its inception in 2001, by 2007 the plan was
7  arguably only available to public agency members and no longer
8  included any private employees.  That contention is no more
9  persuasive in changing the ERISA nature of the plan, since Ninth
10 Circuit authority is clear that once subject to ERISA (as this
11 plan clearly was at the time of its institution), the ERISA
12 designation of a plan remains despite any change in plan
13 participants.  Peterson v. Am. Life and Health Ins. Co., 48 F.3d
14 404, 408 (9th Cir. 1995); see also In re Stern, 345 F.3d 1036,
15 1041 (9th Cir. 2003).

16      Plaintiff is just as unavailing in satisfying the second
17 prong of the Section 1292(b) analysis.  As Standard points out,
18 a trial in the ERISA context is accomplished primarily on the
19 basis of the existing record with additional argument as needed
20 in the context of a abbreviated and relatively short hearing, as
21 opposed to a full-blown trial.  There is no right to trial by
22 jury in an ERISA action.

---

[1] While Plaintiff cites two district court decisions from New England as supporting a conclusion to the contrary, those decisions are not binding on this Court.  Moreover, neither decision cited by Plaintiff involves, like the case at bar, a plan created by a private entity (ACWA Services Corporation, a California corporation) as opposed to public agencies/entities.  Both cases cited by Plaintiff are therefore factually distinguishable.  See Hall v. Maine Municipal Employees Health Trust, 93 F. Supp. 2d 73 (D. Me. 2000); Kirkpatrick v. Merit Behavioral Care Corporation, 70 F. Supp. 2d 443 (D. Vt. 1999).

4

Thomas v. Oregon Fruit Products Co., 228 F.3d 991, 995-97 (9th Cir. 2000). Given the streamlined process that accordingly applies for disposing of Plaintiff's ERISA claim, the Court disagrees that any substantial efficiencies will be gained by pursuing an interlocutory appeal now rather than waiting until this action has been concluded.

Because neither factor that must be demonstrated under 28 U.S.C. § 1292(b) justifies interlocutory appeal in this matter, and because both prerequisites must be established before certification of such an appeal should issue, the present motion (ECF No. 28) is hereby DENIED.[2]

IT IS SO ORDERED.

Dated: March 31, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

5